UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WILLIAMS MATHIS,

        Petitioner,

v.                                                                      CASE NO. 08-12050
                                                              HONORABLE ARTHUR J. TARNOW

THOMAS BELL,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BUT GRANTING A CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Ronald Williams Mathis has filed a *pro se* habeas corpus petition challenging his convictions for kidnaping and assault with intent to do great bodily harm less than murder. The sole ground for relief alleges that the trial court was biased. Respondent urges the Court to deny the petition on the grounds that Petitioner's claim is procedurally defaulted, not cognizable on habeas review, and lacks merit. The Court has concluded from a review of the record that the trial court was not prejudiced against Petitioner and that Petitioner is not entitled to the relief he seeks. Accordingly, the habeas petition is denied.

### I. Background

Petitioner was charged with four crimes: kidnaping, assault with intent to do great bodily harm less than murder, felonious assault, and possession of a firearm during the commission of a felony. The facts leading to these charges has been summarized by the state court as follows:

> On March 20, 2005, the victim, Dontay Pinkston, was visiting his girlfriend at her friend's house in Detroit, Michigan, where several people were gathered. At

*Mathis v. Bell*, No. 08-12050

> some point, Pinkston's friend, John Thompkin, arrived at the house and repeatedly accused Pinkston of stealing marijuana and a gun. Pinkston denied taking the marijuana, and Thompkin told Pinkston not to leave the house and that defendant Mathis was on his way to kill Pinkston.
>
> Defendant Mathis, Tyrece Gooden, and defendant [Cornelius] Carswell forcefully entered the house, and, according to Pinkston, Mathis pointed a gun at him, so he ran and hid in the attic. Thompkin grabbed Pinkston out of the attic, and Gooden, Carswell, and Thompkin dragged Pinkston down the stairs. Pinkston stated that they all had weapons.
>
> Once downstairs, defendant Mathis began questioning Pinkston about the marijuana and gun. When Pinkston denied having either, defendant Mathis threatened to kill him and hit him in the jaw. The men then started to beat up Pinkston, and they pulled him out of the house and threw him into the back of defendant Mathis's vehicle. The men then blindfolded Pinkston, drove around and beat him, looking for a place to kill him, until Pinkston dove out the back window.

*People v. Mathis*, No. 268082, 2007 WL 1712621, at *1 (Mich. Ct. App. June 14, 2007) (unpublished).

On May 20, 2005, Petitioner waived his right to a jury trial, and on November 10, 2005, Wayne County Circuit Court Judge Vera Massey Jones found Petitioner and one of his co-defendants guilty of kidnaping, Mich. Comp. Laws § 750.349, and assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. The trial court acquitted Petitioner of felonious assault and felony firearm. On December 12, 2005, the trial court sentenced Petitioner to imprisonment for twelve to forty years for the kidnaping and to a concurrent term of two to ten years for assault with intent to do great bodily harm. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, *see Mathis*, 2009 WL 1712621, and on March 24, 2008, the Michigan Supreme Court denied leave to appeal. *See People v. Mathis*, 480 Mich. 1134; 745 N.W.2d 776 (2008) (table).

*Mathis v. Bell*, No. 08-12050

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 9, 2008. The sole ground for relief reads:

> Petitioner['s] conviction & sentence after a finding of guilty during a bench trial, is in violation of the petitioner's constitutional rights under the 6th Amendment when the trial court should have been disqualified when the same judge had accepted the factual guilty plea of two co-defendants of the same offense, amounting to plain constitutional structural error, creating a miscarriage of justice.

Pet. at 10.

## II.  Standard of Review

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

*Mathis v. Bell*, No. 08-12050

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

### III. Discussion

Petitioner claims that the trial court was biased against him because the court presided over the guilty pleas of two of his co-defendants. The Michigan Court of Appeals reviewed this claim for "plain error" because Petitioner did not move for disqualification in the trial court. Respondent accordingly argues that the claim is procedurally defaulted.

Although "'a state court's plain error analysis does not save a petitioner from procedural default,'" *Johnson v. Mitchell,* 585 F.3d 923, (6th Cir. 2009) (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006)), procedural default is not a jurisdictional limitation, *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009) (citing *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)), and Petitioner's claim lacks merit. The Court therefore will excuse the alleged procedural default and proceed to address Petitioner's claim on the merits.

#### A. Legal Framework

"An impartial judge is a necessary component of a fair trial." *Allen v. Hawley*, 74 Fed. Appx. 457, 470 (6th Cir. 2003) (citing *In re Murchison*, 349 U.S. 133, 136 (1955), and *Tumey v. Ohio*, 273 U.S. 510, 532 (1927)). "If a habeas court determines that bias by a state judge

*Mathis v. Bell*, No. 08-12050

resulted in a constitutional violation, then the court is required to overturn the state court decision." *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). "Because judicial bias infects the entire trial process it is not subject to harmless error review." *Maurino v. Johnson*, 210 F.3d 638, 645 (6th Cir. 2000) (citing *Chapman v. California*, 386 U.S. 18, 23 & n.8 (1966)), *abrogated on other grounds by Harris v. Stovall*, 212 F.3d 940, 942-43 (6th Cir. 2000).

The Court looks to the Supreme Court's decision in *Liteky v. United States*, 510 U.S. 540 (1994), when deciding judicial bias claims. *Alley*, 307 F.3d at 386. Although *Liteky* addresses the statutory recusal standards for federal judges, the case has been relied upon when assessing judicial-bias claims under the Due Process Clause. *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006). In *Liteky*, the Supreme "Court explained that 'the pejorative connotation of the terms "bias" and "prejudice" demands that they be applied only to judicial predispositions that go beyond what is normal and acceptable.'" *Alley*, 307 F.3d at 386 (quoting *Liteky*, 510 U.S. at 552 and citing *Maurino*, 210 F.3d at 645).

### B. Presiding over the Co-Defendants' Pleas

Petitioner claims that the trial court should have disqualified itself because the court presided over the guilty pleas of two of his co-defendants and the facts of the case were established through the co-defendants' guilty pleas. Petitioner contends that the trial court's failure to recuse itself was a structural error that resulted in a miscarriage of justice.

The Michigan Court of Appeals determined that the trial court's involvement in the co-defendants' cases did not prevent the court from rendering an impartial decision in Petitioner's case. The court of appeals stated that there was nothing in the record indicating that the trial

5

*Mathis v. Bell*, No. 08-12050

court had a preconceived notion regarding Petitioner's guilt or innocence and that Petitioner had failed to prove actual bias, prejudice, or a basis for disqualifying the trial court.

This Court begins its analysis by noting that, approximately six months before his trial, Petitioner stated on the record that he had an opportunity to talk with his lawyer about whether to have a trial by jury or with the court sitting as the trier of fact. He assured the trial court that he understood his constitutional right to trial by jury and that, after discussing the matter with his lawyer, he wanted to forego the right to be tried by a jury. He claimed that nobody had promised him anything to get him to waive his right to a jury trial and that he was waiving the right freely and voluntarily. (Tr. May 20, 2005, at 4-7.)

Opinions that a trial court may form on the basis of facts introduced, or events occurring, during current or prior proceedings ordinarily do not support a finding of bias or partiality. *Liteky*, 510 U.S. at 555. They may do so when they reveal such a deep-seated favoritism or antagonism that fair judgment was impossible. *Id*.

There is no indication in this case that the trial court possessed a deep-seated favoritism or antagonism such that fair judgment was impossible. In fact, the court acquitted Petitioner of the felonious assault and felony firearm charges even though there was evidence that Petitioner possessed a gun, threatened to kill the victim, punched him on the jaw, and hit him on the head with a gun. (Tr. Nov. 9, 2005, at 14, 17-19, 22, 38, 61, 75.) The trial court's verdict on the other charges (kidnaping and assault with intent to do great bodily harm) is supported by the evidence at trial. The trial court stated that it relied on (1) the victim's credibility, (2) the fact

*Mathis v. Bell*, No. 08-12050

that the victim's blood was found on Petitioner's shirt, and (3) evidence that the victim did not voluntarily get into the defendants' vehicle. (Tr. Nov. 10, 2005, at 35-39.)

A judge is not considered biased simply because he or she accepted the guilty plea of a co-defendant. *United States v. Partin*, 552 F.2d 621, 639 (5th Cir. 1977) (citing *United States v. Bernstein,* 533 F.2d 775, 784-85 (2d Cir. 1976), and *United States v. Myers*, 381 F.2d 814, 817 (3d Cir. 1967)); *People v. Rider*, 93 Mich. App. 383, 388; 286 N.W.2d 881, 882-83 (1979); *see also United States v. Cowden*, 545 F.2d 257, 266 (1st Cir. 1976) ("The mere fact . . . that a judge has already presided over the separate jury trials of codefendants does not, in our view, constitute reasonable grounds for questioning [the judge's] impartiality in a subsequent jury trial involving a remaining codefendant."); *United States v. Monaco,* 852 F.2d 1143, 1147 (9th Cir. 1988) ("Knowledge obtained from judicial proceedings involving a co-defendant does not require recusal."). Petitioner has failed to show that his trial was tainted by judicial bias.

### C. The Trial Court's Intervention

Petitioner claims that the trial court's comments and questions during trial are indications of bias against him. While it is true that the trial court frequently asked questions of witnesses during trial, the court was the trier of fact, and it was perfectly appropriate for the court to intervene in an attempt to clarify the testimony and understand the evidence. *Duckett v. Godinez*, 67 F.3d 734, 739 (9th Cir. 1995) (quoting *United States v. DeSisto*, 289 F.2d 833, 834 (2d Cir. 1961)). As stated in *United States v. Laurins*, 857 F.2d 529, 537 (9th Cir. 1988):

> [a] trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition. *United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986). A judge's participation justifies a

*Mathis v. Bell*, No. 08-12050

new trial only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality. *Id.*

There is no indication in the record that the court's intervention in the case was a result of bias "or such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused." *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964). The court interrupted the prosecutor, as well as the defense attorneys. *See, e.g.,* Tr. Nov. 9, 2005, at 22, 30, 76-77 (the prosecutor's direct and re-direct examination of Dontay Pinkston); *id.* at 39-40, 44-45, 48, 55, 57, 73-75 (defense counsel's cross-examination of Mr. Pinkston); *id.* at 93 (the prosecutor's direct examination of Andrea McNeal); *id.* at 95, 101-04 (defense counsel's cross-examination of Ms. McNeal). These and other interruptions were an attempt to clarify testimony, ensure the orderly presentation of evidence, or prevent repetition of evidence. While the court may have expressed impatience at times, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555). Petitioner is not entitled to relief on the basis of his allegation that the trial court's questions and intervention in the trial proceedings were indicative of bias. *Brown v. Palmer*, 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

## IV. Conclusion

The state appellate court's rejection of Petitioner's claim did not result in a decision that was an unreasonable application of the facts, contrary to clearly established federal law, or an unreasonable application of clearly established law as determined by Supreme Court. Accordingly, the habeas petition [Dkt. #1] is **DENIED**.

*Mathis v. Bell*, No. 08-12050

Reasonable jurists could debate the Court's resolution of Petitioner's claim. The Court therefore **GRANTS** a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B);

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: December 28, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 28, 2009, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary